United States District Court
Southern District of Texas
**ENTERED**
December 16, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHARLIE JAMES ROBERTS, Jr.,      §
                                 §
            Petitioner,          §
                                 §
v.                               §
                                 §    CIVIL ACTION NO. H-24-4826
BOBBY LUMPKIN,                   §
                                 §
            Respondent.          §

**MEMORANDUM OPINION AND ORDER**

State inmate Charlie James Roberts, Jr. (TDCJ #01119533) has filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a state court conviction for being a felon in possession of a firearm in Harris County Cause No. 912363. He has also filed an Application to Proceed In Forma Pauperis (Docket Entry No. 2). After reviewing the pleadings as required under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this action for the reasons explained below.

**I. Background**

Roberts is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Public records available from TDCJ reflect that Roberts was

convicted and sentenced to 25 years' imprisonment on August 15, 2002, for being a felon in possession of a firearm.[1] Court records show that this sentence was entered against Roberts as the result of a jury trial.[2] This conviction was affirmed on direct appeal in 2003.[3]

On November 26, 2024, Roberts executed the pending Petition for a federal writ of habeas corpus to challenge his conviction in Cause No. 912363.[4] Roberts contends that he is entitled to relief for the following reasons: (1) he was not afforded a proper investigation of the crime he was accused; (2) he was denied due process during his arrest and at trial; and (3) at trial, the State had no witnesses to support its fact-findings of alleged claims.[5]

Because Roberts challenges a conviction entered more than 20 years ago, the pending Petition appears to be barred by the governing one-year statute of limitations. See 28 U.S.C. §2244(d)(1)(A). More importantly, this is not the first federal

---

[1] See Texas Department of Criminal Justice – Offender Information, available at: https://offendeer.tdcj.texas.gov (last visited Dec. 16, 2024).

[2] See Roberts v. Dretke, Civil Action No. H-04-4852 (S.D. Tex. July 25, 2005) (Docket Entry No. 14, p. 1) (recounting state court history of conviction). For purposes of identification all page numbers refer to the pagination imprinted by the court's electronic filing system, ECF.

[3] Id. at Docket Entry No. 14, p. 2.

[4] See Petition, Docket Entry No. 1, pp. 1, 15.

[5] See id. at 5, 7, 8, 10; Docket Entry No. 1-1, p. 1-4.

habeas corpus proceeding that Roberts has filed to challenge his conviction in Harris County Cause No. 912363.

Court records confirm that Roberts filed a previous federal habeas corpus proceeding in this district, which challenged the same conviction entered against him in Cause No. 912363.[6] The district court granted the respondent's motion for summary judgment and dismissed that case with prejudice because Roberts failed to raise a claim that would justify issuance of a writ of habeas corpus.[7]

## II.  Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief.  Before a second or successive application permitted by this section may be filed in the district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application.  See 28 U.S.C. § 2244(b)(3)(A).  If the pending Petition qualifies as a successive writ application, this court has no jurisdiction to consider it absent prior authorization from the

---

[6] See Roberts v. Dretke, Civil Action No. H-04-4852 (S.D. Tex. July 25, 2005) (Docket Entry No. 14, p. 19).

[7] See id. at Docket Entry No. 14, p. 19 and Docket Entry No. 20.

Fifth Circuit. "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)).

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d at 235. A subsequent application is "second or successive" when it (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition" or (2) "otherwise constitutes an abuse of the writ." Id.; see also Rivers v. Lumpkin, 99 F.4th 216, 220 (5th Cir. 2024), cert. granted, No. 23-1345, 2024 WL 4997858 (U.S. Dec. 6, 2024). Robert's proposed claims depend on facts that were available to him at or around the time of his conviction or his direct appeal and could have been presented previously. Because these claims could have and should have been raised long ago, the pending Petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, the petitioner is required to seek

-4-

authorization from the Fifth Circuit before this court can consider it.  See 28 U.S.C. § 2244(b)(3)(A).  There is no record showing that he has requested or received the requisite authorization.  Absent such authorization this court lacks jurisdiction over the Petition, which must be dismissed as an unauthorized successive writ.

### III.  **Certificate of Appealability**

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  See 28 U.S.C. § 2253.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1603-04 (2000)). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.  For reasons set forth above, this court concludes that jurists of reason would not debate

whether the procedural ruling in this case was correct. Therefore, a certificate of appealability will not issue.

### IV. **Conclusion and Order**

The court **ORDERS** as follows:

1. The Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Charlie James Roberts, Jr. (Docket Entry No. 1) is **DISMISSED without prejudice**.

2. A certificate of appealability is **DENIED**.

3. The Application to Proceed In Forma Pauperis filed by Roberts (Docket Entry No. 2) is **GRANTED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 16th day of December, 2024.

---

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE